UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: 14-

FRANCEEN SCHELFO and CLARENCE P. SCHELFO,

    Plaintiffs,

vs.

TRICAM INDUSTRIES, INC., and TRACTOR SUPPLY COMPANY,

    Defendants.

_____/

## NOTICE OF REMOVAL

COME NOW Defendants, TRICAM INDUSTRIES, INC. ("TRICAM"), and TRACTOR SUPPLY COMPANY ("TLC"), by and through undersigned counsel, and pursuant to 28 U.S.C. §§1332, 1441 and 1446, file this Notice of Removal to the United States District Court for the Middle District of Florida, Tampa Division, from the Circuit Court of the Tenth Judicial Circuit in and for Polk County, Florida, where the action is currently pending, and states that:

1.    Plaintiff filed this action on August 6, 2014, in the Circuit Court of the Tenth Judicial Circuit in and for Polk County Florida, Case No. 2014CA-003226.

2.    Tricam and TLC's first notice of this action was when they were served with a copy of the Complaint on September 2, 2014.

3.    The action stems from an incident occurring on or about July 14, 2012. In pertinent part, the Complaint alleges that Plaintiff, "FRANCEEL SCHELFO was intending to use her eight cubic foot TRICAM wheelbarrow, model #MH2185 ("Subject Wheelbarrow") when she noticed that one of the front wheels had low air pressure. After treating the interior of

the tire with Green Slime, FRANCEEN SCHELFO began to inflate the tire with an air compressor and pressure gauge. Before reaching the maximum recommended air pressure for the tire, the wheel assembly separated into two halves when the bolts holding the two halves together pulled through and the air pressure was suddenly released. Half of the wheel assembly struck FRANCEEN SCHELFO causing an open comminuted fracture of the right ankle with tendon and nerve involvement." See Complaint at ¶8.

4. Plaintiffs have sued TRICAM in its capacity as the alleged designer, manufacture, and distributor of the accident wheelbarrow. See Complaint at ¶10.

5. Plaintiffs have sued TLC in its capacity as the alleged retailer of the accident wheelbarrow. See Complaint at ¶10.

6. FRANCEEN SCHELFO's claims against TRICAM are for strict liability (Count I) and negligence (Count II). Her claims against TLC are also for strict liability (Count III) and negligence (Count IV).

7. Her husband has sued for loss of consortium (Count V).

8. The Complaint alleges that, at all material times, Plaintiffs were residents of Polk County, Florida. See Complaint at ¶2, 3.

9. The Complaint alleges that TRICAM is a foreign corporation with its principal place of business in Naples, Florida. See Complaint at ¶4. In fact, at all material times, Tricam was a Minnesota corporation *with its principal place of business in Eden Prairie, Minnesota*.

10. The Complaint alleges that TSC is a foreign corporation. See Complaint at ¶6. The Complaint is silent as to TSC's principal place of business. In fact, at all material times, TSC was a Delaware corporation with its principal place of business in Brentwood, Tennessee

11. The Complaint alleges that the amount in controversy is in excess of $15,000, exclusive of interest, costs, and attorney's fees, which is the jurisdictional limit of Florida's circuit courts. See Complaint at ¶1.

12. The allegation that the amount in controversy is in excess of $15,000 does not foreclose a reality that the amount in controversy is in excess of $75,000, exclusive of interest and costs.

13. Pursuant to 28 U.S.C. §1446(c), Defendants contend that, by the preponderance of the evidence, the amount in controversy is in excess of $75,000, exclusive of interest and costs.

14. The following establishes that the amount in controversy is in excess of $75,000, exclusive of interest and costs:

    a. The Complaint alleges at paragraph 8 that Plaintiff, FRANCEEN SCHELFO, sustained an open comminuted fracture of the right ankle with tendon and nerve involvement.

    b. The Complaint alleges at paragraph 9 that Plaintiff, FRANCEEN SCHELFO, "sustained significant permanent injuries."

    c. The Complaint alleges at paragraphs 18, 24, 32 and 39 that Plaintiff, FRANCEEN SCHELFO, "sustained physical injury and damages that include past and future medical expense, disability, inconvenience, loss of capacity to enjoy life, mental anguish, pain and suffering, in the past, and continuing into the future."

    d. The Complaint alleges at paragraph 42 that Defendants caused Plaintiff, CLARENCE P. SCHELFO, "to be deprived of the care, comfort and society of his wife" and that he "has suffered damages in the past, and continuing into the future for the loss of the care, comfort, and society of his wife."

   e. Plaintiffs' counsel served a pre-suit demand letter on TRICAM dated July 10, 2014, demanding $750,000 to settle Plaintiffs' claims.

   f. The letter alleges that, while Plaintiff, FRANCEEN SHELFO, was inflating the wheelbarrow tire, "the two piece rim forcefully separated, resulting in the wheel's component parts slicing through Ms. Shelfo's right ankle, causing an open pilon fracture and cutting through the skin, bone, and tendons of her right leg. Ms. Schelfo is now disabled as a result of these injuries and her overall health has deteriorated as a result of her decreased mobility."

   g. The letter alleges that Plaintiff, FRANCEEN SHELFO, was hospitalized for 16 days during which time she underwent multiple surgeries to repair the damage to her right ankle.

   h. The letter alleges that Plaintiff, FRANCEEN SHELFO, underwent another procedure several months later on November 12, 2012, for removal of the external fixator at which time it was fond that she had infections in several pin sites and multiple buried sutures had to be surgically removed. She was fitted with a fiberglass splint, after which she was subsequently fitted for a fracture boot on November 14, 2012.

   i. The letter alleges that she initially used a walker after becoming partially weightbearing on her right foot, and in the spring of 2013 she was ambulating with a walking boot. Follow up x-rays revealed that she had an irregularity of the tibial plafond that may lead to significant degenerative changes requiring arthrodesis or fusion in the future. She was also diagnosed with an accident-related large heel spur.

   j. The letter alleges a multitude of other alleged accident-related conditions, including impaired balance and left shoulder pain for which she may now require surgery.

    k.  The letter alleges that her activities of daily living have been greatly affected, including that she is no longer able to drive or clean her house.

    l.  The letter alleges that she is depressed and discouraged as a result of her limitations.

    m.  The letter alleges that her medical expenses as of July 10, 2014, were $274,669.25 and her out-of-pocket costs for prescriptions, etc., exceed $5,400.

    n.  The letter alleges that she was the primary caregiver for her disabled husband, and the couple now has to hire outside help for him.

    o.  The letter alleges additional damages suffered by the couple.

  15.  Based on diversity of citizenship and the amount in controversy being in excess of $75,000, this Court has original jurisdiction of this action pursuant to 28 U.S.C. §1332.

  16.  Given that this Court has original jurisdiction of this action, removal of the action from state court is proper pursuant to 28 U.S.C. §1441(a), which, in pertinent part, provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

  17.  This Notice of Removal was filed within thirty (30) days after receipt by Defendants, through service or otherwise, of a copy of the subject Complaint. 28 U.S.C. §1446(b).

  18.  Additionally, in accordance with 28 U.S.C. §1446(d), Defendants are giving written notice of the Notice of Removal to all served adverse parties and the clerk of State court.

  19.  Finally, in accordance with 28 U.S.C. §1446(a), attached hereto is a copy of all process, pleadings, and orders served upon Defendants in this action.

WHEREFORE, Defendants respectfully request that this action proceed in this Court as an action properly removed to it.

### Certificate of Service

We hereby certify that on September 29, 2014, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

>LEWIS BRISBOIS BISGAARD & SMITH LLP
>Attorneys for Defendants
>110 SE 6th Street, Suite 2600
>Fort Lauderale, FL 33301
>Telephone:     954-728-1280
>Facsimile:     954-728-1282
>Email: jeffrey.mowers@lewisbrisbois.com
>
>By: s/Jeffrey A. Mowers_____
>        JEFFREY A. MOWERS
>        Florida Bar No. 508240

## Service List

*Franceen Schelfo and Clarence P. Schelfo v. Tricam Industries, Inc. and Tractor Supply Company*
CASE NO: 14-
United States District Court, Middle District of Florida

**C. Richard Newsom, Esquire**
Florida Bar No. 82758
**R. Frank Melton, Esquire**
Florida Bar No. 0475440
**P. Alexander Gillen, Esquire**
Florida Bar No. 0470724
NEWSOME MELTON
Attorneys for Plaintiffs
201 South Orange Avenue
Suite 1500
Orlando, Florida 32801
Telephone: (407) 648-5977
Facsimile: (407) 648-5282
Emails for Service:
Gillen@newsomelaw.com
Sucharski@newsomelaw.com
Cardosa@newsomelaw.com