Filing # 16780383 Electronically Filed 08/06/2014 12:46:49 PM

IN THE CIRCUIT COURT OF THE
TENTH JUDICIAL CIRCUIT IN AND
FOR POLK COUNTY, FLORIDA

CASE NO.: 14 CA 3226

FRANCEEN SCHELFO, and
CLARENCE P. SCHELFO,

                Plaintiff,

v.

TRICAM INDUSTRIES, INC., a foreign
corporation and TRACTOR SUPPLY
COMPANY, a foreign corporation

                Defendants.

_____/

## COMPLAINT

     Plaintiffs FRANCEEN SCHELFO and CLARENCE P. SCHELFO, hereby sue Defendants TRICAM INDUSTRIES, INC. ("TRICAM"), a foreign corporation, and TRACTOR SUPPLY COMPANY ("TSC"), a foreign corporation, and states:

### Jurisdiction and Venue

    1.    This is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00) exclusive of interest, costs, and attorneys' fees.

    2.    Plaintiff FRANCEEN SCHELFO is, and at all relevant time was, a resident Polk County, Florida.

    3.    Plaintiff, CLARENCE P. SCHELFO is, and at all times was, a resident of Polk County, Florida and the spouse of FRANCEEN SCHELFO.

    4.    Defendant TRICAM is a foreign corporation doing business throughout the State of Florida for which it receives substantial revenue. TRICAM is a citizen of the State of Florida as its principal place of business is Naples, Collier County, Florida

5.    TRICAM submitted itself to the jurisdiction of this Honorable Court by doing, personally or through its agents, the following acts:

(a)    Committing a tortious act within this state by designing, manufacturing, selling, and delivering defective wheelbarrows, including the wheelbarrow which is the subject of this Complaint, to persons, firms, and corporations in this state via its distributors, dealers, wholesalers, and brokers. Such wheelbarrow were used by consumers in Florida in the ordinary course of commerce and trade;

(b)    Conducting and engaging in substantial business and other activities in Florida by designing, manufacturing, selling, and servicing wheelbarrows, including the wheelbarrow which is the subject of this Complaint, to persons, firms, and corporations in this state via its distributors, dealers, wholesalers, and brokers. Such wheelbarrows were used by consumers in Florida in the ordinary course of commerce and trade;

(c)    Causing injuries to persons in Florida, including Plaintiff. At or about the time of said injuries, Defendant engaged in solicitation activities in Florida to promote the sale, consumption, use, maintenance, and repair of wheelbarrows, including the wheelbarrow which is the subject of this Complaint;

(d)    Designing, manufacturing, and selling wheelbarrows, including the wheelbarrow which is the subject of this Complaint, with knowledge or reason to foresee that its wheelbarrows would be shipped in interstate commerce and would reach the market of Florida users or consumers; and

(e)    Voluntarily qualifying to conduct business in this state by registering with the Florida Department of State and designating a resident agent for service of process in Florida.

6.    Defendant TSC is a foreign corporation doing business throughout the State of Florida for which it receives substantial revenue.

7.    TSC submitted itself to the jurisdiction of this Honorable Court by doing, personally or through its agents, the following acts:

(a)    Committing a tortious act within this state by selling, and delivering defective wheelbarrows, including the wheelbarrow which is the subject of this Complaint, to persons, firms, and corporations in this state via its distributors, dealers, wholesalers, and brokers. Such wheelbarrows were used by consumers in Florida in the ordinary course of commerce and

trade;

(b)   Conducting and engaging in substantial business and other activities in Florida by distributing, selling, and servicing wheelbarrows, including the wheelbarrow which is the subject of this Complaint, to persons, firms, and corporations in this state via its distributors, dealers, wholesalers, and brokers.   Such wheelbarrows were used by consumers in Florida in the ordinary course of commerce and trade;

(c)   Causing injuries to persons in Florida, including Plaintiffs.  At or about the time of said injuries, Defendant engaged in solicitation activities in Florida to promote the sale, consumption, and use of wheelbarrows, including the wheelbarrow which is the subject of this Complaint;

(d)   Distributing and selling wheelbarrows, including the wheelbarrow which is the subject of this Complaint, with knowledge or reason to foresee that its wheelbarrows would be shipped in interstate commerce and would reach the market of Florida users or consumers; and

(e)   Voluntarily qualifying to conduct business in this state by registering with the Florida Department of State and designating a resident agent for service of process in Florida.

## The Incident and Products

8.   On or about July 14, 2012, FRANCEEN SCHELFO was intending to use her eight cubic foot TRICAM wheelbarrow, model #MH2185 ("Subject Wheelbarrow") when she noticed that one of the front wheels had low air pressure.  After treating the interior of the tire with Green Slime, FRANCEEN SCHELFO began to inflate the tire with an air compressor and pressure gauge.  Before reaching the maximum recommended air pressure for the tire, the wheel assembly separated into two halves when the bolts holding the two halves together pulled through and the air pressure was suddenly released.  Half of the wheel assembly struck FRANCEEN SCHELFO causing an open comminuted fracture of the right ankle with tendon and nerve involvement.

9.   As a result of the injury to her ankle and lower leg, FRANCEEN SCHELFO sustained significant permanent injuries.

3

10.   The Subject Wheelbarrow was designed, manufactured, and distributed by TRICAM and sold by TSC.

## COUNT I
### Strict Liability against TRICAM

11.   Paragraphs 1 through 5 and 8 through 10 are realleged.

12.   At all relevant times, TRICAM was engaged in the business of designing, manufacturing, constructing, selling, and distributing wheelbarrows to the public, including the Subject Wheelbarrow.

13.   **Product.**   TRICAM placed the Subject Wheelbarrow on the market with knowledge that it would be used without inspection for defects and dangers.  TRICAM knew, or should have known, that ultimate users and consumers would not and could not properly inspect this product for defects and dangerous conditions, and that detection of such defects and dangers would be beyond the capabilities of such persons.

14.   **Defects.**  The Subject Wheelbarrow was defective and unreasonably dangerous to ultimate users, operators, and consumers when sold and distributed by TRICAM because of design, manufacturing, and inspection defects that caused the wheelbarrow wheel assembly to suddenly and unexpectedly separate, including the following:

(a)   The Subject Wheelbarrow was manufactured without adequate quality control measures and inappropriate manufacturing procedures resulting in a wheel assembly that would violently separate when inflated to less than maximum air pressure;

(b)   The Subject Wheelbarrow wheel assembly was defectively designed;

(c)   The Subject Wheelbarrow wheel assembly was defectively manufactured;

(d)   The specifications for the wheel assembly on the Subject Wheelbarrow were inappropriate and incapable of performing the intended function;

4

(e)   The quality control process utilized by TRICAM was inappropriate and failed to identify the wheel assembly on the Subject Wheelbarrow as being out of specification;

(f)   The testing, or failure to test, the Subject Wheelbarrow was insufficient to identify the wheel assembly as being defective and unreasonably dangerous;

(g)   The Subject Wheelbarrow was defective in design in that TRICAM failed to incorporate technologically and economically feasible alternative designs which would have prevented this accident;

(h)   The specifications for the Subject Wheelbarrow were improper.

15.   On the date of the incident, the Subject Wheelbarrow was substantially unchanged from its condition, as set forth above, when sold and distributed by TRICAM.

16.   For the reasons set forth above, the Subject Wheelbarrow was unreasonably dangerous to foreseeable users, including FRANCEEN SCHELFO, who used the Subject Wheelbarrow in an ordinary and foreseeable manner.   At the time TRICAM released the defective Subject Wheelbarrow into the stream of commerce, non-defective wheelbarrow wheel assemblies were economically and technologically feasible and their use on the wheelbarrow would have been a safer alternative design which would have significantly reduced the risk of FRANCEEN SCHELFO'S injuries without substantially impairing the utility of the Subject Wheelbarrow.

17.   **Causation and Proximate Causation.**  The defects described above directly and proximately caused the separation of the wheel assembly on the Subject Wheelbarrow and the injuries to FRANCEEN SCHELFO in that they directly and in natural and continuous sequence produced or contributed substantially to her injuries.

18.   **Damages.**  As a direct and proximate result of the foregoing defects, FRANCEEN SCHELFO sustained physical injury and damages that include; past and future medical expense,

disability, inconvenience, loss of capacity to enjoy life, mental anguish, pain and suffering, in the past, and continuing into the future.

WHEREFORE, Plaintiff FRANCEEN SCHELFO, demands judgment against the TRICAM for compensatory damages, costs, interest as allowed by law, and for such other relief as the Court deems just and demands a trial by jury on all issues so triable as a matter of right.

## COUNT II
### Negligence against the TRICAM

19.    Paragraphs 1 through 5 and 8 through 10 are realleged.

20.    At all relevant times, TRICAM was engaged in the business of designing, manufacturing, constructing, selling, and distributing wheelbarrows to the public, including the Subject Wheelbarrow.

21.    **Duty.** TRICAM knew, or in the exercise of due care should have known, that the Subject Wheelbarrow would be used without inspection in an unreasonably dangerous condition and would create a foreseeable and unreasonable risk of harm to users, including Plaintiff. TRICAM was under a duty to properly and adequately design, manufacture, assemble, test, inspect, label, provide adequate warnings for, package, distribute, and sell the Subject Wheelbarrow in a reasonably safe condition so as not to present a danger to members of the general public who reasonably and expectedly under ordinary circumstances would come into contact with the Subject Wheelbarrow, including FRANCEEN SCHELFO.

22.    **Breach.** TRICAM breached its duty of reasonable care owed to FRANCEEN SCHELFO in one or more of the following ways:

(a)    Negligently designing the Subject Wheelbarrow;

(b)    Negligently constructing the Subject Wheelbarrow;

(c)    Negligently manufacturing the Subject Wheelbarrow;

6

(d)     Negligently testing or failing to test the Subject Wheelbarrow;

(e)     Negligently inspecting or failing to inspect the Subject Wheelbarrow for defects;

(f)     Negligently failing to provide proper specifications for the wheelbarrow wheel assembly to the manufacturer of the wheelbarrow wheel assembly;

(g)     Negligently warning or failing to warn Plaintiff of defects in the Subject Wheelbarrow which TRICAM either knew, or should have known, existed;

(h)     Marketing, promoting, advertising, and representing that the Subject Wheelbarrow was suitable for use when, if fact, it was not; and

(i)     Marketing, promoting, advertising, and representing that the Subject Wheelbarrow was a safe product when, in fact, TRICAM knew that it was not because the wheel assembly would malfunction during normal and foreseeable use.

23.    **Causation and Proximate Causation.**  The acts and omissions described above directly and proximately caused the separation of the wheel assembly on the Subject Wheelbarrow and the injuries to FRANCEEN SCHELFO in that they directly and in natural and continuous sequence produced or contributed substantially to her injuries.

24.    **Damages.**  As a direct and proximate result of the foregoing defects, FRANCEEN SCHELFO sustained physical injury and damages that include; past and future medical expense, disability, inconvenience, loss of capacity to enjoy life, mental anguish, pain and suffering, in the past, and continuing into the future.

WHEREFORE, Plaintiff FRANCEEN SCHELFO, demands judgment against TRICAM for compensatory damages, costs, interest as allowed by law, and for such other relief as the Court deems just and demands a trial by jury on all issues so triable as a matter of right.

## COUNT III

### Strict Liability against TSC

7

25.    Paragraphs 1 through 3 and 6 through 10 are realleged.

26.    At all relevant times, TSC was engaged in the business of advertising, selling and distributing wheelbarrows to the public, including the Subject Wheelbarrow.

27.    **Product.** TSC placed the Subject Wheelbarrow on the market with knowledge that it would be used without inspection for defects and dangers. TSC knew, or should have known, that ultimate users, operators, and consumers would not and could not properly inspect this product for defects and dangerous conditions, and that detection of such defects and dangers would be beyond the capabilities of such persons.

28.    **Defects.** The Subject Wheelbarrow was defective and unreasonably dangerous to ultimate users, operators, and consumers when sold and distributed by TSC because of design, manufacturing, and inspection defects that caused the wheelbarrow controls to suddenly fail, including the following:

(a)    The Subject Wheelbarrow was manufactured without adequate quality control measures and inappropriate manufacturing procedures resulting in a wheel assembly that would malfunction and result in sudden separation;

(b)    The Subject Wheelbarrow wheel assembly was defectively designed;

(c)    The Subject Wheelbarrow wheel assembly was defectively manufactured;

(d)    The specifications for the wheel assembly on the Subject Wheelbarrow were inappropriate and incapable of performing the intended function;

(e)    The quality control process utilized by TRICAM was inappropriate and failed to identify the wheel assembly on the Subject Wheelbarrow as being out of specification;

(f)    The testing, or failure to test, the Subject Wheelbarrow was insufficient to identify the wheel assembly as being defective and unreasonably dangerous;

(g)    The Subject Wheelbarrow was defective in design in that TRICAM failed to incorporate technologically and economically feasible alternative designs which would have prevented this accident;

(h)    The specifications for the Subject Wheelbarrow were improper.

29.    On the date of the crash, the Subject Wheelbarrow was substantially unchanged from its condition, as set forth above, when sold and distributed by TSC.

30.    For the reasons set forth above, the Subject Wheelbarrow was unreasonably dangerous to foreseeable users, including FRANCEEN SCHELFO, who used the Subject Wheelbarrow in an ordinary and foreseeable manner. At the time the TSC released the defective Subject Wheelbarrow into the stream of commerce, non-defective wheelbarrow wheel assemblies were economically and technologically feasible and their use on the wheelbarrow would have been a safer alternative design which would have significantly reduced the risk of FRANCEEN SCHELFO'S injuries without substantially impairing the utility of the Subject Wheelbarrow.

31.    **Causation and Proximate Causation.** The defects described above directly and proximately caused the separation of the wheel assembly on the Subject Wheelbarrow and the injuries to FRANCEEN SCHELFO in that they directly and in natural and continuous sequence produced or contributed substantially to her injuries.

32.    **Damages.** As a direct and proximate result of the foregoing defects, FRANCEEN SCHELFO sustained physical injury and damages that include; past and future medical expense, disability, inconvenience, loss of capacity to enjoy life, mental anguish, pain and suffering, in the past, and continuing into the future.

WHEREFORE, Plaintiff FRANCEEN SCHELFO, demands judgment against TSC for compensatory damages, costs, interest as allowed by law, and for such other relief as the Court deems just and demands a trial by jury on all issues so triable as a matter of right.

## COUNT IV
### Negligence against TSC

33.      Paragraphs 1 through 3 and 6-10 are realleged.

34.      At all relevant times, TSC was engaged in the business of selling and distributing wheelbarrows to the public, including the Subject Wheelbarrow.

35.      **Duty.** TSC knew, or in the exercise of due care should have known, that the Subject Wheelbarrow would be used without inspection in an unreasonably dangerous condition and would create a foreseeable and unreasonable risk of harm to users, including Plaintiff. TSC was under a duty to properly and adequately inspect, label, provide adequate warnings for, distribute, and sell the Subject Wheelbarrow in a reasonably safe condition so as not to present a danger to members of the general public who reasonably and expectedly under ordinary circumstances would come into contact with the Subject Wheelbarrow, including FRANCEEN SCHELFO.

36.      **Breach.** TSC breached its duty of reasonable care owed to FRANCEEN SCHELFO in one or more of the following ways:

(a)      Negligently inspecting or failing to inspect the Subject Wheelbarrow for defects;

(b)      Negligently warning or failing to warn Plaintiffs of defects in the Subject Wheelbarrow which TSC either knew, or should have known, existed;

(c)      Marketing, promoting, advertising, and representing that the Subject Wheelbarrow was suitable for use when, if fact, it was not; and

(d)      Marketing, promoting, advertising, and representing that the Subject Wheelbarrow was a safe product when, in fact, TSC knew that it was not

10

because the wheel assembly would separate during normal and foreseeable use.

37.   **Causation and Proximate Causation.**   For the reasons set forth above, the Subject Wheelbarrow was unreasonably dangerous to foreseeable users, including FRANCEEN SCHELFO, who used the Subject Wheelbarrow in an ordinary and foreseeable manner. At the time the TSC released the defective Subject Wheelbarrow into the stream of commerce, non-defective wheelbarrow wheel assemblies were economically and technologically feasible and their use on the wheelbarrow would have been a safer alternative design which would have significantly reduced the risk of FRANCEEN SCHELFO'S injuries without substantially impairing the utility of the Subject Wheelbarrow.

38.   **Causation and Proximate Causation.**   The acts and omissions described above directly and proximately caused the separation of the wheel assembly on the Subject Wheelbarrow and the injuries to FRANCEEN SCHELFO in that they directly and in natural and continuous sequence produced or contributed substantially to her injuries.

39.   **Damages.**   As a direct and proximate result of the foregoing defects, FRANCEEN SCHELFO sustained physical injury and damages that include; past and future medical expense, disability, inconvenience, loss of capacity to enjoy life, mental anguish, pain and suffering, in the past, and continuing into the future.

WHEREFORE, Plaintiff FRANCEEN SCHELFO, demands judgment against TSC for compensatory damages, costs, interest as allowed by law, and for such other relief as the Court deems just and demands a trial by jury on all issues so triable as a matter of right.

## COUNT V

### Consortium Claim of CLARENCE P. SCHELFO

40.   Paragraphs 1 through 39 are realleged.

11

41.   At all times, CLARENCE P. SCHELFO was the spouse of FRANCEEN SCHELFO.

42.   The acts and omissions of Defendants, TRICAM and TSC detailed above directly and proximately caused CLARENCE P. SCHELFO to be deprived of the care, comfort, and society of his wife, FRANCEEN SCHELFO, in that they directly and in continuous sequence produced her injuries.

43.   As a direct and proximate result of the foregoing, CLARENCE P. SCHELFO has suffered damages in the past, and continuing into the future for the loss of the care, comfort, and society of his wife.

WHEREFORE, Plaintiff CLERENCE P. SCHELFO demands judgment against Defendants for compensatory damages, costs, interest as allowed by law, and for such other relief as the Court deems just and demands a trial by jury on all issues so triable as a matter of right.

Respectfully submitted this 6th day of August, 2014.

C. RICHARD NEWSOME, ESQUIRE
Florida Bar No.: 827258
R. FRANK MELTON, ESQUIRE
Florida Bar No.: 0475440
P. ALEXANDER GILLEN
Florida Bar No.: 0470724
NEWSOME MELTON
201 South Orange Avenue, Suite 1500,
Orlando, Florida 32801
Telephone: (407) 648-5977
Facsimile: (407) 648-5282
*Attorneys for Plaintiffs*
*Emails for service:*
Gillen@newsomelaw.com
Sucharski@newsomelaw.com
Cardosa@newsomelaw.com